UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRYSTAL YOUNG,

        Plaintiff,

v.

        Case Number 10-13488-BC
        Honorable Thomas L. Ludington

FEDERALLY CHARTERED SAVINGS
BANK, GREAT LAKES MORTGAGE
SERVICES, CORP., MILLTOWN TITLE
ESCROW CO., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, FLAGSTAR
BANK, F.S.B., and DOES 1–100,

        Defendants.
_____/

## ORDER STRIKING PLAINTIFF'S UNTIMELY RESPONSE TO DEFENDANTS' MOTION TO DISMISS

On July 30, 2010, Plaintiff Crystal Young filed a twelve-count complaint against the Defendants, alleging various forms of misconduct associated with a home mortgage issued by Defendant Flagstar Bank, F.S.B. on September 7, 2006. On September 1, 2010, Plaintiff's complaint was removed from Crawford County Circuit Court to this Court by Flagstar. Plaintiff's complaint raises federal questions under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601–2617, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. 28 U.S.C. §§ 1331, 1441; *see also* 28 U.S.C. § 1367 (providing supplemental jurisdiction over Plaintiff's state-law claims). Also on September 1, 2010, Defendants Flagstar and Mortgage Electronic Registration Systems ("MERS") filed an answer to Plaintiff's complaint. Defendants Federally Chartered Savings Bank, Great Lakes Mortgage Services, Corp., Milltown Title Escrow Co., and Does 1–100 have not answered Plaintiff's complaint. It is not clear from the

docket whether they were served within the 120-day time limit provided by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(m).

On November 2, 2010, Flagstar and MERS filed a motion to dismiss Plaintiff's complaint, asserting several procedural and substantive defenses.  Fed. R. Civ. P. 12(b)(6).  Flagstar and MERS sought concurrence from Plaintiff before filing the motion, but Plaintiff declined to concur.  Plaintiff did not, however, file a timely response to the motion.  E.D. Mich. L.R. 7.1(c) &(e)(1) (noting that a party "opposing a motion" for judgment on the pleadings "must file a response . . . within 21 days after service of the motion").  On January 19, 2011, seventy-nine days after Plaintiff was served with the motion to dismiss—nearly two-months after the required response was due—Plaintiff filed a response opposing Defendants' motion to dismiss on two of twelve counts.  Plaintiff did not file a motion seeking the Court's leave to file an untimely response.

Accordingly, it is **ORDERED** that Plaintiff's response to Defendants' motion to dismiss [Dkt. # 16] is **STRICKEN**.  The clerk is directed to remove the image from the docket.  *See* E.D. Mich. L.R. 7.1 cmt. ("Attempts to circumvent [this rule] in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1.").

        s/Thomas L. Ludington  
        THOMAS L. LUDINGTON  
        United States District Judge

Dated: January 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2011.

        s/Tracy A. Jacobs  
        TRACY A. JACOBS